**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                  CRIMINAL ACTION NO. 5:02-cr-00026-1

JERMAINE CALDWELL,

        Defendant.

**MEMORANDUM OPINION AND JUDGMENT ORDER**

Pending before the Court is a motion, brought pursuant to 18 U.S.C. § 3582(c)(2), to reduce Defendant's sentence based on a subsequent reduction in the applicable sentencing guideline. On November 1, 2007, the United States Sentencing Guidelines were amended to reduce by two levels the guidelines in Section 2D1.1 for cocaine base (also known as crack). Subsequently, the Sentencing Commission amended Section 1B1.10 to make the crack amendment retroactive, effective March 3, 2008. Pursuant to a Standing Order entered on February 6, 2008, this case was designated for Standard consideration.

The Court has received and considered the original Presentence Investigation Report (PSI), original Judgment and Commitment Order and Statement of Reasons, and addendum to the PSI from the Probation Office, and received any materials submitted by the parties on this issue. The Court has also considered the applicable factors under 18 U.S.C. § 3553(a), consistent with § 3582(c)(2), and public safety.

By its written and filed response, the United States does not object to the reduction ordered herein and recommends that the Court resentence Defendant to 80 months.

In determining the extent to which the sentence may be reduced, this Court may take into account the fact that Defendant previously received a downward departure from the then-applicable guideline range from a range of 168 to 210 months to a sentence of 96 months based on a substantial assistance motion from the Government. In authorizing a reduced sentence based on a retroactive amendment to a guideline, the Sentencing Commission stated: "If the original term of imprisonment was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range determined under subdivision (1) may be appropriate . . . ." U.S. Sentencing Guidelines §1B1.10(b)(2)(B) app. n. 3 (Proposed Amendments of Guideline Commentary, Effective March 3, 2008).

For example, the application note provides:

> [I]n a case in which: (A) The guideline range applicable to the defendant at the time of sentencing was 70 to 87 months; (B) the defendant's original term of imprisonment imposed was 56 months (representing a downward departure of 20 percent below the minimum term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing); and (C) the amended guideline range determined under subsection (b)(1) is 57 to 71 months, a reduction to a term of imprisonment of 46 months (representing a reduction of approximately 20 percent below the minimum term of imprisonment provided by the amended guideline range determined under subsection (b)(1)) would amount to a comparable reduction and may be appropriate.

*Id*.

In this case, the bottom of the original guideline range was 168 months, and the Court imposed a sentence of 96 months. That constituted a reduction of 42.8%. Thus, the new reduction authorized by the Sentencing Commission is also 42.8% below the new guideline minimum of 140 months -- that figure is 80.09 months, or 80 months in round numbers.

Based on the foregoing considerations, the Motion is **GRANTED**. The Court **ORDERS** that Defendant's base offense level be reduced by 2 levels, resulting in a new total offense level of 32. It is further **ORDERED** that Defendant's previous sentence be reduced to a period of 80 months, with credit for time served to date.

The Court **DIRECTS** the Clerk to send a copy of this Order to Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshals.

    ENTER:    February 28, 2008

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE